**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELDER DAVID FUENTES VELASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | Civil Action No. 25-16797 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

      Before the Court is Petitioner Elder David Fuentes Velasquez's ("Petitioner") counseled Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention. (ECF No. 1.) Petitioner also filed a Memorandum in Support of a Motion for Temporary Restraining Order ("TRO") and a Preliminary Injunction. (ECF No. 1-3.)

      Petitioner alleges that he has resided in the United States since February 2007. (ECF No. 1 at 3.) Petitioner is a citizen of Guatemala. (*Id.* at 5.) Petitioner was granted Deferred Action for Childhood Arrivals ("DACA") on December 18, 2013, and subsequently received a renewal approval on November 1, 2016. (*Id.* at 6.) Petitioner alleges that on May 13, 2020, he submitted a third renewal application, which remains pending. (*Id.* at 5-6.)

      On July 23, 2025, a Notice to Appear initiating removal proceedings was issued against Petitioner. (*Id.* at 5.) On October 15, 2025, Petitioner filed an Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents. (*Id.* at 6.) Petitioner is scheduled for an individual hearing on that application on October 28, 2025. (*Id.* at 5.)

On September 9, 2025, Petitioner filed a Motion for Custody Redetermination before the Immigration Court. (*Id.* at 6.) Petitioner alleges that after a hearing on September 17, 2025, an Immigration Judge denied bond or its ability to determine Petitioner's custody, "basing its decision on the ruling issued by the Board of Immigration Appeals in *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025)." (*Id.* at 6-7.) Specifically, the Immigration Judge held that Petitioner was detained under Section 235(b)(2)(A), and thus, the Immigration Judge had no jurisdiction to determine his custody. (*Id.* at 7.) Petitioner alleges that he is being unlawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A), and he is entitled to release under 8 U.S.C. § 1226(a). (*Id.* at 2.)

Petitioner has paid the $5.00 filing fee. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, which is applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened the Petition for dismissal and determined that dismissal without an answer and the record is not warranted.

As noted above, Petitioner seeks a TRO or preliminary injunctive relief, requesting that the Court preliminarily enjoin Respondents from removing Petitioner from the United States. (*See* ECF No. 1-3.) The Court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney *certifies in writing any efforts made to give notice and the reasons why it should not be required.*

Fed. R. Civ. P. 65(b)(1) (emphasis added). Here, Petitioner's Motion for a TRO does not include any certification or explanation as to whether efforts were made to notify Respondents regarding the request for a TRO. Further, Petitioner does not explain why the Court should not require notice to Respondents. As such, the Court will deny Petitioner's Motion for a TRO.

2

Petitioner also requests an Order to Show Cause, relying on 28 U.S.C. § 2243. (ECF No. 1 at 11.) Section 2243 states that "the writ . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." Multiple courts in this District have found that Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rules"), provides the Court with more flexible time limits for ordering an answer and supersedes the time limits of 28 U.S.C. § 2243 to the extent there is a conflict.[1] *See Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017); *Capozzi v. Fed. Bureau of Prisons*, No. 21-19533, 2021 WL 5881587, at *1 (D.N.J. Dec. 13, 2021); *Schumaker v. Knight*, 23-20834, 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024). The Court agrees and denies Petitioner's request for an Order to Show Cause under § 2243, and directs Respondents to answer the Petition pursuant to its authority under the Habeas Rules. Accordingly,

**IT IS**, on this 23rd day of October 2025,

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1) and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition (ECF No. 1) and this Order upon the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; it is further

---

[1] Federal procedural rules, which are promulgated by the U.S. Supreme Court and approved by Congress, have the force of statute. *See* 28 U.S.C. § 2072; *Sempier v. Johnson & Higgins*, 45 F.3d 724, 736 (3d Cir. 1995); *United States v. Christian*, 660 F.2d 892, 899 (3d Cir. 1981). Indeed, § 2072 explicitly states that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). And "[w]here a Rule of Civil Procedure conflicts with a prior statute, the Rule prevails." *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 589 n.5 (1947).

**ORDERED** that within twenty (20) days of the date of the entry of this Order, Respondents shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition paragraph by paragraph; it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record evidence supporting the asserted statutory basis for detention; it is further

**ORDERED** that Respondents shall raise by way of the answer any appropriate defenses which Respondents wish to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within fourteen (14) days after the answer is filed; it is further

**ORDERED** that within seven (7) days of Petitioner's release, be it transfer to supervised release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; it is further

**ORDERED** that Petitioner's Motion for a Temporary Restraining Order (ECF No. 1-3) is **DENIED *without prejudice***; it is further

**ORDERED** that Petitioner's request for an Order to Show Cause is **DENIED** in light of the Court's Order directing Respondents to answer the Petition under the Habeas Rules; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the parties electronically.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge