UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ELDER DAVID FUENTES VELASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | Civil Action No. 25-16797 (JXN)<br><br>**<u>OPINION</u>** |

<u>**NEALS**</u>, District Judge

Before the Court is Petitioner Elder David Fuentes Velasquez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (ECF No. 1.) Respondents filed an opposition (ECF No. 5), and Petitioner replied (ECF No. 6). Having considered the parties' submissions in support of and opposition to the Petition, the Court decides the motions without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's Petition is **GRANTED**.

**I.    <u>BACKGROUND AND PROCEDURAL HISTORY</u>**

Petitioner, a citizen of Guatemala, entered the United States without inspection 18 years ago, in February 2007, as an unaccompanied minor. (ECF No. 1 at 6.) Petitioner was granted Deferred Action for Childhood Arrivals ("DACA") in 2014 and subsequently received a renewal approval on November 1, 2016. (*Id.*) On May 13, 2020, he submitted a third renewal application, which remains pending. (*Id.* at 5-6.)

On July 22, 2025, Petitioner was arrested and charged with obstructing the administration of law, hindering oneself, and operation of a motor vehicle during license suspension. (ECF No. 6 at 6; ECF No. 5-3 at 4.) These charges remain pending. (ECF No. 5-3 at 4.) On July 23, 2025, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), pursuant to 8 U.S.C. § 1229a. (ECF No. 6 at 6.) The NTA alleges that Petitioner is "an alien present in the United States without being admitted or paroled." (*Id.*; ECF No. 5-1.)  The NTA charged Petitioner with removability for being a noncitizen "present in the United States without being admitted or parole," in violation of the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), and for being an immigrant not in possession of any valid entry document in violation of INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). (ECF No. 5-1 at 5.)

On September 17, 2025, an Immigration Judge denied Petitioner's request for bond under 8 C.F.R. § 1236, finding Petitioner is mandatorily detained under INA § 236(b)(2)(A). (ECF No. 6 at 7; ECF No. 5-6.) On October 15, Petitioner filed an Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents before the Immigration Court. (ECF No. 5 at 13.) A hearing was scheduled for October 28, 2025, before an IJ; however, the hearing was later adjourned at Petitioner's counsel's request. (*Id.*)

Petitioner has been detained at Delaney Hall Detention Center in Newark, New Jersey, since July 23, 2025. (ECF No. 6 a 12.) It does not appear that there is a final order of removal.

On October 21, 2025, Petitioner filed this instant petition, arguing that his continued detention violates his constitutional rights. (*See generally* ECF No. 1.) Petitioner seeks release from custody. (*Id.* at 13.) Respondents filed an answer, opposing relief (ECF No. 5), and Petitioner replied (ECF No. 6).

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.     DISCUSSION

Petitioner argues that, because he was arrested within the United States after residing here for more than 18 years, the mandatory-detention provision of 8 U.S.C. § 1225(b)(2)(A) does not apply to him and that he is unlawfully detained. (ECF No. 6 at 8-11.) Petitioner claims he may only be rightfully detained, if at all, under the discretionary-detention provision of 8 U.S.C. § 1226. (*Id.* at 11-14.) Respondents contend that Petitioner's detention is lawful pursuant to the Board of Immigration Appeals' ("BIA") recent decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which found that nearly all noncitizens who entered the United States without inspection are now subject to mandatory detention pursuant to § 1225(b)(2), rather than the discretionary detention provisions of 1226(a). *Hurtado*, 29 I. & N. Dec. at 227–29. (*See generally* ECF No. 5.)

3

### A. Respondents' Policy Change

The circumstances of this case, and so many cases around the country, arise from a DHS internal memorandum to all ICE employeeswhich changed how the agency historically interpreted the INA's detention provisions. "On July 8, 2025, DHS instituted a notice titled 'Interim Guidance Regarding Detention Authority for Applicants for Admission' to all ICE Employees." *Vazquez v. Feeley*, No. 2:25-cv-01542, 2025 WL 2676082, at *5 (D. Nev. Sept. 17, 2025). "Under the new interpretation and policy, individuals 'present in the United States without admission or parole' are now treated as 'applicants for admission' subject to mandatory detention under § 1225(b)(2), rather than discretionary detention under § 1226(a)." *Soto v. Soto, et al.*, No. 25-cv-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). "Thus, nearly all noncitizens who have never been admitted, regardless of whether they were stopped at the border or arrested years later inside the country, are now classified as an 'applicant for admission' that is 'seeking admission' into the country under § 1225(b)." *Id.*

In September 2025, the BIA issued a decision finding that all noncitizens who are applicants for admission, as defined by 8 U.S.C. § 1225(a)(1), are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) for the pendency of their removal proceedings, regardless of the length of time they have been present in the United States, and therefore are ineligible for bond hearings. *Hurtado*, 29 I&N Dec. at 220.

### B. The Relevant Statutes

Petitioner contends that § 1226(a) governs his detention, and Respondents maintain that §1225(b)(2) controls.

Section 1225(b) is entitled "Inspection of applicants for admission." 8 U.S.C. § 1225(b). The term "applicant for admission" is deemed to include noncitizens who "arrive in" the United

States or who are "present in" the United States but have not been admitted. § 1225(a)(1). Section 1225(b) describes two classes of applicants for admission: those covered in §1225(b)(1) and those covered under §1225(b)(2). § 1225(b)(1) applies to noncitizens "initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation" and "certain other aliens designated by the Attorney General in his discretion." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). §1225(b)(2) is a "catchall provision that applies to all applicants for admission not covered by § 1225(b)(1) (with specific exceptions . . . )." *Id.* Most noncitizens under § 1225(b)(1) are ordered removed "without further hearing or review" under § 1225(b)(1)(A)(i). *Id.* Others who fall under § 1225(b)(1) are detained when they state an intention to apply for asylum and are determined in an interview to have a credible fear of persecution. *Id.*

Noncitizens covered under the broader scope "catchall provision" of § 1225(b)(2) "shall be detained for a [removal] proceeding' if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country." *Id.* at 288. Under either subsection of § 1225(b), "applicants for admission may be temporarily released on parole 'for urgent humanitarian reasons or significant public benefit.'" *Id.* (quoting 8 U.S.C. § 1182(d)(2)(5)(A)). This type of "parole" is not an "admission" pursuant to 8 U.S.C. § 1182(d)(5)(A). *Id.*

In contrast, traditionally, the detention of noncitizens who have resided in the United States for substantial periods of time is governed by 8 U.S.C. § 1226(a), entitled "Arrest, detention, and release." Section 1226(a) states that "[o]n a warrant issued by the [Secretary], an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1226(a) further provides that, subject to certain exceptions, the Secretary "may continue to detain the arrested alien" or "may release the alien" on a bond or

conditional parole. 8 U.S.C. § 1226(a)(1), (2). Under applicable regulations, if ICE determines pursuant to § 1226(a) that a noncitizen will be detained, that individual may seek review of the detention decision by requesting a bond hearing before an IJ. *See* 8 C.F.R. §§ 236.1(d), 1003.19; 1236.1(d). There are standards for release: bond is available if the detainee "demonstrate[s] . . . that such release would not pose a danger to property or persons, and that [he] is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If denied release at the initial bond hearing, a § 1226(a) detainee may request a custody redetermination hearing before an IJ. That request will "be considered only upon a showing that the alien's circumstances have changed materially." *Id.* § 1003.19(e). There are additional procedural protections, as both the initial bond determination and subsequent custody decisions can be appealed to the BIA. *Id.* § 236.1(d)(3); *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 275 (3d Cir. 2018) (explaining relevant process for detainees subject to § 1226(a)).

### C. Analysis

Respondents argue that Petitioner is detained under § 1225(b)(2), while acknowledging that Courts in this District of rejected Respondents' interpretation of § 1225(b)(2). (ECF No 5 at 7.) In support of this argument, Respondents submit that the NTA charged Petitioner with being "an alien present in the United States who has not been admitted or paroled, in violation of INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), and for being an immigrant not in possession of any valid entry document in violation of INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I)." (ECF No. 5 at 12., 15) Respondents claim that Petitioner is an "applicant for admission" as defined by 8 U.S.C. § 1225(a), because he is "present in the United States without admission or parole." (*Id.* at 15-16.) Respondents ask this Court to find that § 1225(b)(2)'s "seeking admission" element,

applies to Petitioner based on the simple fact that Petitioner is present in the United States without admission.

The issue of whether Petitioner is properly detained under § 1225(b) or § 1226(a) is similar to that of many cases in this District and around the country. "The line historically drawn between these two sections . . . is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, No. 25-cv-11613, 2025 WL 2084238, at *8 (D. Mass. July 24, 2025) (citing *Jennings*, 583 U.S. at 288–89); *see also Lopez-Campos v. Raycraft*, 2025 WL 2496379, at *8 (E.D. Mich. Aug. 29, 2025) ("There can be no genuine dispute that Section 1226(a), and not Section 1225(b)(2)(A), applies to a noncitizen who has resided in this country for over twenty-six years and was already within the United States when apprehended and arrested during a traffic stop, and not upon arrival at the border."). "[T]he provisions at issue here are mutually exclusive—a noncitizen cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226 . . . ." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *4 (S.D.N.Y. Aug. 13, 2025).

Here, Petitioner was not "seeking" to be admitted at the border when he was detained. Rather, he had been present in the United States for 18 years. Petitioner's NTA specifically identified Petitioner as removable as "an alien *present* in the United States who has not been admitted or paroled." (ECF No. 5-1.) "Notably the issuing officer appears to have explicitly declined to designate Petitioner as an 'arriving alien,' which is the active language used to define the scope of section 1225(b)(2)(A) . . . ." *Martinez*, 2025 WL 2084238, at *6. "A noncitizen like Petitioner, who has already entered and is present in the country, simply cannot be characterized as 'seeking entry' consistent with the ordinary meaning of that phrase." *Vazquez v. Feeley*, No.

7

2:25-cv-01542, 2025 WL 2676082, at *13 (D. Nev. Sept. 17, 2025); *see also Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2753496, at *3 (D.N.J. Sept. 26, 2025) (noting that "up until July 8 the predominant form of detention authority for petitioner and other noncitizens arrested in the interior of the United States was § 1226(a)").

In examining the relevant provisions of §§ 1225 and 1226, the Court considers "whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). The Court's "job is to interpret the words consistent with their 'ordinary meaning . . . at the time Congress enacted the statute.'" *Wis. Cent. Ltd v. U.S.*, 585 U.S. 274, 277 (2018) (quoting *Perrin v. U.S.*, 444 U.S. 37, 42 (1979)). "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *City & Cnty. of San Francisco, California v. Env"t Prot. Agency*, 604 U.S. 334, 350 (2025) (citation modified).

Section 1225 is titled, "Inspection by immigration officers; expedited removal of inadmissible *arriving aliens*; referral for hearing." (emphasis added). A title, such as this "is especially valuable [where] it reinforces what the text's nouns and verbs independently suggest." *Yates v. United States*, 574 U.S. 528, 552 (2015) (Alito, J., concurring in judgment). Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted or who arrives in the United States." The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13).

In contrast, the text of § 1225(b)(2)(A) mandates detention only of noncitizens "*seeking admission*" after an "examining immigration officer" determines that the alien "is not clearly and beyond a doubt entitled to be admitted." (emphasis added). Section 1225(b)(2) plainly

8

contemplates present affirmative conduct by 1) a noncitizen who is "seeking admission" and 2) an inspecting immigration official who must determine whether that individual is entitled to admission to the United States. *See, e.g.*, *Martinez*, 2025 WL 2084238, at *2. Therefore, even if Petitioner could be deemed "an applicant for admission" under § 1225(a)(1), as Respondents argue, he does not meet the requirements of § 1225(b)(2), because he was not "seeking entry" nor inspected by immigration officials.

Whereas § 1225 governs the treatment of "arriving aliens," § 1226 is much broader, referring to all other aliens not lawfully present but not arriving. Section 1226 addresses "[a]pprehension and detention of aliens" who are not in the process of seeking admission to the United States. For nearly 30 years, § 1225 has applied to noncitizens who are either seeking entry to the United States or have a close nexus to the border, and § 1226 has applied to those aliens arrested within the interior of the United States. The Supreme Court in *Jennings* explicitly adopted this distinction, describing § 1225 as the detention statute for noncitizens affirmatively "seeking admission" into the United States, and § 1226 as the detention statute for noncitizens who are "already in the country." 583 U.S. at 289. And although the *Jennings* Court characterizes § 1225(b)(2) as the "catchall" detention provision for noncitizens who are "seeking admission," it identifies § 1226(a) as the "default rule" for the arrest, detention, and release of non-criminal aliens who are already present in the United States. *Id.* at 303.

The vast majority of courts confronting this precise issue have rejected Respondents' interpretation, as well as the BIA's interpretation in *Hurtado*, as contradictory to the plain text of § 1225.[1] *See, e.g.*, *Soto*, 2025 WL 2976572, at *7 (finding that § 1225(b)(2)(A) applies only to

---

[1] This Court is not required to defer to the BIA's interpretation of § 1225 because "[w]hen the meaning of a statute [is] at issue, the judicial role [is] to 'interpret the act of Congress, in order to ascertain the rights of the parties.'" *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 385 (2024) (quoting *Decatur v. Paulding*, 39 U.S. 497, 503 (1840)).

9

noncitizens who are actively, *i.e.*, affirmatively, "seeking admission" to the United States and not petitioners who have been residing in the United States); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947 at * 6 (D. Minn. Oct. 1, 2025) (noting that "the government's proposed interpretation of § 1225(b) [is] at odds with the context and structure of the provisions governing detention of noncitizens who are arriving at the border and those who are already present in the country"); *Zumba*, 2025 WL 2753496 at * 3 (noting that "up until July 8 the predominant form of detention authority for petitioner and other noncitizens arrested in the interior of the United States was § 1226(a)"); *Salazar v. Dedos*, No. 25-cv-835, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *Lepe v. Andrews*, No. 25-cv-01163, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Roman v. Noem*, No. 25-cv-01684, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); *Giron Reyes v. Lyons*, No. 25-cv-4048, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Singh v. Lewis*, No. 25-cv-0096, 2025 WL 2699219 (W.D. Ky. Sept. 22, 2025); *Barrera v. Tindall*, No. 25-cv-541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Hasan v. Crawford*, No. 25-cv-1408, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *Vazquez v. Feeley*, No. 2:25–cv–01542, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); *Lopez Santos v. Noem*, No. 25-cv-1193, 2025 WL 2642278 (W.D. La. Sept. 11, 2025); *Perez v. Kramer*, No. 25-cv-3179, 2025 WL 2624387 (D. Neb. Sept. 11, 2025); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425 at * 5 (E.D. Mich. Sept. 9, 2025); *Hinestroza v. Kaiser*, No. 25-cv-7559, 2025 WL 2606983 (N.D. Cal. Sept. 9, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-cv-326, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Leal-Hernandez v. Noem*, No. 25-cv-2428, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Lopez-Campos v. Raycroft*, No. 25-cv-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Lopez Benitez*, 2025 WL 2371588. This Court is persuaded by the comprehensive reasoning of these courts and finds that § 1225(b)(2)(A) applies only to noncitizens who are actively, i.e., affirmatively, "seeking admission" to the United States.

Accordingly, it does not apply to individuals like Petitioner, who has been residing in the United States for 18 years.

Here, Petitioner was not "seeking admission" when he was detained on July 22, 2025. Rather, Petitioner has been living in the United States for 18 years. (ECF No. 1.) Petitioner's NTA specifically identified Petitioner as removable as "an alien *present* in the United States who has not been admitted or paroled" and not as an "arriving alien." (ECF No. 5-1.) Petitioner's detention began in July 2025, not as he entered the country seeking admission, but when he was arrested and detained. Therefore, the Court finds Petitioner's mandatory detention under § 1225(b)(2) unlawful. Petitioner's detention is authorized by 8 U.S.C. § 1226(a), and he is entitled to an individualized bond hearing.

### IV.  CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **GRANTED**. Respondents shall treat Petitioner as detained under 8 U.S.C. § 1226(a) and provide him with an individualized bond hearing before an immigration judge. An appropriate Order accompanies this Opinion.

**DATED**: December 17, 2025

HONORABLE JULIEN XAVIER NEALS
United States District Judge